[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-11847
Non-Argument Calendar
_____

D.C. Docket No. 9:18-cv-80150-RLR

PRESLEY AND PRESLEY, PA,

Plaintiff - Appellant,

versus

UNITED STATES OF AMERICA,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 5, 2019)

Before TJOFLAT, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

This is the third of three related appeals challenging summonses the Internal

Revenue Service ("IRS") sent to a bank requesting account records in the course of

investigating the federal income-tax liabilities of Michael Presley, Cynthia Presley, Presley and Presley, P.A., Presley Law and Associates, P.A., and BMP Family Limited Partnership, which includes as partners Michael, Cynthia, and other members of the Presley family.  This appeal, for instance, concerns an IRS summons issued in February 2018 relating to the 2015 income-tax liabilities of Presley and Presley, P.A.  In each of the three cases, the taxpayer or taxpayers at issue petitioned the district court to quash the IRS summonses on the ground that at least some of the requested records revealed clients' private financial information. The district court separately dismissed all three cases, and we have affirmed the court twice already.  *See Presley v. United States*, 895 F.3d 1284 (11th Cir. 2018); *BMP Family Ltd. P'ship v. United States*, 741 F. App'x 764 (11th Cir. 2018).  We do so again.

The parties have stipulated that our decision in *Presley* is "dispositive of this case" because each of the arguments raised by the appellant in this case—Presley and Presley, P.A.—was considered and rejected in *Presley*.  These arguments are (1) that the Fourth Amendment obligates the government to demonstrate probable cause because the appellant's clients had a reasonable expectation of privacy in the records held by the bank; and (2) that the IRS was obligated to proceed under 26 U.S.C. § 7609(f) by issuing John Doe summonses to the appellant's clients and

2

petitioning the district court for an *ex parte* hearing before obtaining the account records. *Presley*, 895 F.3d at 1287–88.

*Presley* rejects these arguments. Briefly stated, we held that probable cause was not required because the clients lacked a reasonable expectation of privacy in financial records held by the bank, that the IRS summonses were reasonable under the Fourth Amendment, and that the procedures required by § 7609(f) did not apply. *Id.* at 1291–95. We further rejected the alternative argument that the Right to Financial Privacy Act ("RFPA"), 12 U.S.C. § 3401–3422, prohibited enforcement of the IRS summonses at issue. *Id.* at 1292 (noting that the RFPA "explicitly provides that '[n]othing in this chapter prohibits the disclosure of financial records in accordance with procedures authorized by Title 26'") (quoting 12 U.S.C. § 3413(c)). So we held that the IRS could enforce the summonses.

The appellant here has raised no argument that was not considered and rejected in *Presley*. Despite this, the appellant suggests that, even if we follow *Presley*, which of course we must, we should remand to allow it to amend its petition to bring a challenge under the RFPA. But not only would this be improper as a procedural matter, given that this ground was not raised below, it also would conflict with *Presley*, which determined that the "RFPA d[id] not help" the appellants in that case. *Id.* at 1292. It does not appear that the underlying circumstances here are materially different from those in *Presley*. Accordingly, we

affirm the dismissal of the appellant's petition to quash for the reasons explained more fully in *Presley*.

**AFFIRMED.**